allegation in a subsequent part of the answer, that defendant went upon the lots by leave of the *plaintiff's agent*, does not do away with the effect of that issue. As the plaintiff was compelled to come *prepared to prove title*, the admission of his title by defendant *at the trial* ought not to deprive him of his right to costs; and even could I adopt the defendant's present construction of his answer, I think that having taken issue upon the claim of ownership in the complaint, he is estopped from denying that the plaintiff was bound to prove title upon the trial. If he meant by his answer to admit the title, he should not have made the issue.

The motion must therefore be denied with costs.

The CHIEF JUSTICE, CAMPBELL and BOSWORTH, Justices, concurred. (*a.*)

(*a.*) *Ex relatione* W. W. Niles, Esq.

---

## SUPERIOR COURT.

### ANONYMOUS.

In an action against husband and wife, for a tort committed by the wife, neither can be arrested.

*At Chambers, October* 1852. Upon an application to Mr. Justice CAMPBELL, for an order of arrest against a husband and wife, in an action for an assault and battery charged to have been committed by the wife alone, he was of opinion that the general words of the Code permitting the arrest of a female for " a willful injury to person, character or property " (§ 178), have not altered the rule of the common law, which exempts a married woman from arrest in all cases whatever; and he was also of opinion that the Code in its reasonable construction, does not authorize the arrest of the husband in any action founded solely either upon the contract or tort of the wife. He therefore denied wholly the application.

The other judges upon consultation approved his decision.